### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NORTH DAKOTA

IN RE:                                              )
                                                    )
Cynthia Gladue Fuller,                              )    Bankruptcy Case No. 11-30715
                                                    )    Chapter 7
                    Debtors.                        )
                                                    )

### MEMORANDUM AND ORDER

Before the Court is Debtor Cynthia Gladue Fuller's certification that exigent circumstances merit a temporary waiver of the credit counseling requirement. Debtor filed her petition on July 19, 2011. In her petition, Debtor certified exigent circumstances exist that warrant a temporary waiver of the credit counseling requirement. Debtor did not provide a summarization of any exigent circumstances.

Under the Bankruptcy Code, debtors must receive credit counseling within the 180-day period preceding the date on which a debtor files bankruptcy. 11 U.S.C. § 109(h)(1). Credit counseling can be done individually or by group briefing and may be done in person, over the telephone or via the internet. Id. The requirements of section 109(h)(1) are mandatory and failure to meet them is a fatal flaw rendering an individual debtor ineligible for bankruptcy relief. Hedquist v. Fokkena (In re Hedquist) 342 B.R. 295, 298 (B.A.P. 8th Cir. 2006).

An exception to this requirement is found in section 109(h)(3) and states that a debtor will be excused from credit counseling for 30 days from the date of filing if the debtor submits to the court a certification stating: 1) exigent circumstances exist that merit a waiver of the requirements of section 109(h)(1); 2) the debtor requested the required counseling but was unable to obtain the counseling required in section 109(h)(1) during the five-day period which begins on the date of debtor's request; and 3) debtor's certification is satisfactory to the court. 11 U.S.C. § 109(h)(3)(A). The substantive content of part three is unclear, but a fair reading of the statute is that Congress intended courts to use their discretion

in making determinations as to whether parts one and two of the test were met. Dixon v. LaBarge (In re Dixon) 338 B.R. 383, 387 (B.A.P. 8th Cir. 2006).

The term "exigent" indicates a situation where adverse events are imminent and will occur if the debtor cannot avail himself of the statutory briefing. Id. at 388. Because virtually all cases filed under section 109(h)(3) will involve exigent circumstances for the debtor, the real question is whether the exigent circumstances the debtor finds himself facing merit waiving the statutory requirement of prefiling credit counseling. Id.

Debtor failed to provide a summarization or cite any exigent circumstances. Therefore, the Court finds no exigent circumstances exist to merit waiving the credit counseling requirement.

Accordingly, this case is DISMISSED, without prejudice to Debtor's right under the Bankruptcy Code to file another petition for relief.

It is further ORDERED that if the Debtor files a new bankruptcy petition, the filing fee will be waived if:

1) Debtor pays the filing fee associated with this case in the amount of $299.00, prior to filing the new bankruptcy petition; and

2) Debtor files the new bankruptcy petition with a current counseling certificate within 30 days of the entry of this order.

**SO ORDERED**

Dated this 21st day of July, 2011.

**WILLIAM A. HILL, JUDGE**
**U.S. BANKRUPTCY COURT**